IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LOUIS MAFFIOLA and
KARI MAFFIOLA,

                                              ORDER

                Plaintiffs,

                                          09-cv-287-vis

    v.

STATE FARM INSURANCE COMPANIES,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case is a bit of a procedural mess.  It began as a pro se action filed in state court in Jefferson County, Wisconsin.  In the original complaint, plaintiffs Louis Maffiola and Kari Maffiola contended that defendant State Farm Insurance Companies owed them $731,000 under a flood insurance policy that defendant issued to plaintiffs.

      Defendant removed the action to this court, contending that federal jurisdiction exists under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity), 28 U.S.C. § 1367 (supplemental) and 42 U.S.C. § 4072, which gives district courts exclusive jurisdiction to review the denial of claims for flood insurance by the director of the Federal Emergency Management Agency.  (The pleadings show that jurisdiction under § 1332 is present because

1

complete diversity of citizenship exists and that the amount in controversy is more than $75,000, so I need not determine at this stage whether other bases for jurisdiction are present.)  Soon after, defendant moved for judgment on the pleadings, asking the court to dismiss "all state law based extra-contractual claims against State Farm," dkt. #9, on the ground that they are preempted by the National Flood Insurance Act and regulations promulgated under that statute.  (Defendant did not identify "the state law based extra-contractual claims" for which it was seeking dismissal and none were identified explicitly in the complaint.)  In addition, defendant moved to quash plaintiffs' jury demand on the ground that no right to a jury trial exists for plaintiffs' claims because any money awarded to plaintiffs will be paid out of the United States Treasury.

In the meantime, plaintiffs had obtained counsel, who filed a brief in opposition to defendant's motions.  At the same time, counsel filed a motion for leave to amend the complaint accompanied by a proposed amended complaint that purported to "incorporate" the allegations of the original complaint while adding new claims, including a claim for "negligent misrepresentation" and a claim for "misrepresentation strict responsibility," along with a claim for breach of contract.

Plaintiffs' actions complicated matters in multiple ways.  First, plaintiffs' proposed amended complaint begins with the allegation that "[t]he allegations in plaintiffs' complaint are re-alleged and incorporated herein."  This is a problem because a case may have one

2

operative pleading only; plaintiffs may not add to a complaint in piecemeal fashion. As I have informed pro se plaintiffs, "parties are not allowed to amend a pleading by simply adding to or subtracting from the original pleading in subsequent filings scattered about the docket. If [plaintiffs] wish to amend their complaint, they must file a proposed amended complaint that will completely replace the original complaint. . . . [T]here can be only one operative complaint in the case." Boriboune v. Berge, No. 04-C-15-C, 2005 WL 256525, *1 (W.D. Wis. Jan. 31, 2005). The reason for such a rule is plain enough. If the "operative pleading" consists of multiple documents, the scope of plaintiffs' claims becomes unclear, particularly in a case such as this one in which the two complaints overlap to some degree. To avoid ambiguity, the complaint must be self-contained.

Second, and more important, plaintiffs' brief in opposition was nonresponsive to defendant's motion for judgment on the pleadings because the brief relied on the allegations in the proposed amended complaint rather than the original one. If plaintiffs did not wish to defend the sufficiency of the original complaint, they should have accompanied their motion for leave to amend with an argument that defendant's motion to dismiss should be denied as moot. Generally, "when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." Massey v. Helman, 196 F.3d 727, 735 (7th Cir.1999). Thus, if I granted plaintiffs' motion for leave to amend (as plaintiffs assumed I would by ignoring their original complaint), this would

3

moot defendant's motion to dismiss and require defendant to file a new motion if it believed the new complaint remained legally deficient. National Pork Producers Council v. Jackson, 09-cv-73-slc, 2009 WL 1255557, *1 (W.D. Wis. May 1, 2009) ("Because plaintiffs' amended complaint is now the operative pleading, the motion to dismiss plaintiffs' original complaint is now moot."); Hypergraphics Press, Inc. v. Cengage Learning, Inc., No. 08 C 5102, 2009 WL 972823, *1 n.1 (N.D. Ill. Apr. 8, 2009) ("The first amended complaint supercedes the original complaint and, ordinarily, moots a motion to dismiss.") By using their proposed amended complaint to oppose defendant's motion to dismiss claims in the original complaint, plaintiffs were comparing apples to oranges.

Understandably, defendant was uncertain how to proceed. Because plaintiffs had changed the issues in the middle of the debate, defendant filed a "reply brief" that is essentially a renewed motion to dismiss in light of plaintiffs' proposed amended complaint. In recognition of the fact that the parties have been talking past each other, defendant accompanies its "reply" with a request for oral argument to clarify the issues and governing law.

Although I agree with defendant that the issues in this case lack clarity, it would be premature to schedule this matter for oral argument. Instead, I believe it is time to hit the reset button to give the parties an opportunity to fix the procedural deficiencies in the case and to properly join issue. Because the case is still in its early stages, I will grant plaintiffs'

4

motion for leave to amend their complaint, but I will not accept plaintiffs' proposed amended complaint as the operative pleading. Rather, I will give plaintiffs until September 28, 2009 to file an amended complaint that stands on its own without reference to any prior pleadings. If defendant believes the new complaint is deficient in any respect, it must file a new motion to dismiss (or motion for judgment on the pleadings if it chooses to file another answer first). In the likely event that defendant files such a motion, each side is admonished to identify with precision which portions of the complaint it believes are subject to dismissal and which portions are not.

ORDER

IT IS ORDERED that

1. The motion for leave to amend the complaint filed by defendants Louis Maffiola and Kari Maffiola, dkt. #20, is GRANTED. Plaintiffs may have until September 28, 2009 to file an amended complaint that may stand on its own.

2. Defendant State Farm Insurance Companies' motion for judgment on the pleadings, dkt. #9, and motion to quash plaintiffs' jury demand, dkt. #11, are DENIED as

moot, and its request for oral argument, dkt. #27, is DENIED as premature.

Entered this 14th day of September, 2009.

         BY THE COURT:

         /s/

         _____
         BARBARA B. CRABB
         District Judge